UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re

WILLIAM CHARLES BACE,                           Chapter 7

                            Debtor.       Case No. 05-42446 (RDD)

------------------------------------------------------------X

**ORDER APPROVING TRUSTEE'S SETTLEMENT WITH BENISON
CORPORATION PURSUANT TO BANKRUPTCY RULE 9019 AND
AUTHORIZING THE SALE OF 39 MILL DAM ROAD, STONE RIDGE,
<u>NEW YORK 12484 PURSUANT TO 11 U.S.C. §§ 363 AND 105</u>**

Upon the motion (the "Motion")[1] of Roy Babitt, Chapter 7 Trustee (the "Trustee") of William Charles Bace a/k/a Bill Bace (the "Debtor") by and through his counsel, Arent Fox PLLC as and for his Motion for an Order Approving the Settlement with Benison Corporation Pursuant to Bankruptcy Rule 9019 and Authorizing the Sale of 39 Mill Dam Road, Stone Ridge, New York 12484 Pursuant to 11 U.S.C. §§ 363 and 105; and after due and sufficient notice and a hearing held on January 10, 2007 at which the Court considered the Motion and the Debtor's opposition thereto; and the Court finding that the Trustee conducted due and sufficient marketing efforts; and it further appearing that the relief requested in the Motion including the proposed settlement, is in the best interests of the Debtor, the estate, and its creditors and fair and equitable; and after due deliberation and sufficient cause appearing therefor, it is

      ORDERED, that the Motion is granted; and it is further

      ORDERED, that Trustee is authorized to sell the Property to Brenda C. Reiss, the purchaser designated by Benison Corporation pursuant to the Stipulation of Settlement with Benison Corporation attached to the Motion as **<u>Exhibit A</u>** (the "Purchaser"); and it is further

      ORDERED, that the Settlement and the terms of the Purchaser's proposed purchase of

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

NYC/314173.1

the Property (subject to higher and better offers as provided therein, none being received) as memorialized in the Stipulation of Settlement with Benison Corporation attached to the Motion as **Exhibit A** is approved; and it is further

ORDERED, that the sale of the Property to the Purchaser shall be free and clear of all liens, claims and encumbrances and interests of any nature (except real estate taxes not to exceed $10,000.00, which shall be assumed by the Purchaser); and it is further

ORDERED, that the Purchaser is a good faith purchaser and is entitled to the protections afforded by Section 363(m) of the Bankruptcy Code; and it is further

ORDERED, that the sale is not subject to avoidance under Section 363(n) of the Bankruptcy Code; and it is further

ORDERED, that the Trustee or his agents are authorized to consummate the sale of the Property to the Purchaser and the Settlement with Benison as provided for in the Motion, and to execute all documents necessary and appropriate to effectuate such sale and to perform the terms of the Settlement, without further notice; and it is further

ORDERED, that the Notice of Hearing attached to the Motion as **Exhibit B** was good and sufficient; and it is further

ORDERED, that the Terms and Conditions of Sale as detailed in the Motion and attached thereto as **Exhibit C** are approved; and it is further

ORDERED, that the Purchaser is required to close upon the purchase of the Property within ten (10) days after entry of this Order, in default of which the Purchaser shall be deemed without further notice to have forfeited his Bid Deposit and the right to purchase the Property; and it is further

ORDERED, that the Purchaser shall take the Property "as is" and without any warranties

2

NYC/314173.1

or representations whatsoever except as otherwise set forth in the Stipulation of Settlement with Benison Corporation attached to the Motion as **Exhibit A**; and it is further

ORDERED, that the Trustee is authorized to pay the secured claim of Bontecou in full and the claim of Benison from the proceeds of the sale as agreed pursuant to the terms of the Settlement; and it is further

ORDERED, that the Trustee, who offers the Property for sale in his capacity as the Bankruptcy Trustee for the estate of the Debtor, and not in his individual capacity, and the estate, shall have no liability beyond return of the Bid Deposit and payment of insurance proceeds to the extent required under the Stipulation in the event of a casualty to the Property as described in the Stipulation of Settlement; and it is further

ORDERED, that a true copy of this Order may be recorded for any purposes necessary to facilitate the sale and that it shall be deemed acceptable to any recording officer for that purpose; and it is further

ORDERED, that the objection by the Debtor to the secured claim asserted by Benison Corporation pursuant to its proof of claim dated March 1, 2006 (filed in the Claims Register as Claim # 14) is overruled as moot pursuant to and by reason of the Stipulation of Settlement with Benison Corporation attached to the Motion as **Exhibit A**, which is approved by this Order; and it is further

ORDERED, that the Court shall retain jurisdiction to enforce or construe any provision of this Order.

Dated: New York, New York
       January 17, 2007             /s/Robert D. Drain
                                          UNITED STATES BANKRUPTCY JUDGE