---------------------------------------------------------------x

In re                                             Chapter 7

William Charles Bace,                             Case No. 05-42446 (RDD)


                        Debtor.

---------------------------------------------------------------x

### STIPULATION AND ORDER[1]

This Stipulation and Order (the "Stipulation and Order") is entered into by and between Roy Babitt, the Chapter 7 Trustee (the "Trustee") and William Charles Bace (the "Debtor" or "Mr. Bace"); the Trustee and the Debtor are collectively referred to as the "Parties". The Parties state and agree as follows:

(1) The stipulation entered into between William Bace and Mr. Meltzer annexed hereto as **Exhibit A** is approved. The Trustee shall turn over the "Luba Stool" and the $5,000 escrowed with the Trustee to Mr. Bace upon entry of this Stipulation and Order and it becoming final and non-appealable.

(2) Mr. Bace shall no longer participate in this case in any way other than the following:

---

[1] The Parties have intentionally drafted this Stipulation and Order using plain language. Notwithstanding the simplicity of the language, this Stipulation and Order is a legal document and a global resolution to all issues pending in this bankruptcy case, except as otherwise noted.

NYC/486739.2



    a. Mr. Bace may file a single objection to the fees of Arent Fox and the Commissions of the Trustee. The Parties agree that Judge Drain's (or a subsequent Bankruptcy Judge in the event this case is transferred to another Bankruptcy Judge) decision regarding the foregoing shall be final and non-appealable. In non-legal terms, the Parties agree to abide by Judge Drain's ruling which will be final and non-appealable.

    b. This Stipulation and Order does not apply to Mr. Bace's litigation with the City of New York nor the issue of attorney's fees awarded to the City of New York, which Mr. Bace contests and is the subject of his objection and the hearing on June 16, 2010.

(3) All prior stipulations between the Parties remain in full force and effect.

(4) The Trustee shall pay Mr. Bace $2,000 to resolve all outstanding issues between the Parties. As long as Mr. Bace abides by this agreement, the attorney's fee issue raised at the October 30, 2009 as it applies to Arent Fox is no longer an issue.

(5) This Stipulation and Order acts as a global resolution to all issues in the bankruptcy case, past, present and future. Mr. Bace agrees not to file any further pleading or request any further relief from the Bankruptcy Court or any other court, other than as defined in (2)(a) and (b) above. All past, present and future pleadings filed by the Debtor are withdrawn.

Dated: New York, New York
       May 25 2010

                           ARENT FOX LLP
                           Attorney for Roy Babitt, Chapter 7 Trustee

                           By: _____
                               Jeffrey D. Vanacore
                               1675 Broadway
                               New York, NY 10019

Dated: New York, New York
      May 24, 2010

By: _____
    William C. Bace
    31 East 30th Street, Apt. A
    New York, NY 10016

Review and Approved by:
_____ 5/25/10
Roy Babitt, Chapter 7 Trustee

Dated: New York, New York
      June ___, 2010

_____
UNITED STATES BANKRUPTCY JUDGE

# **<u>EXHIBIT A</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————X
In re:                                                      Chapter 7
                                                            Case No. 05-42446-rdd
WILLIAM CHARLES BACE,

                    Debtor.
————————————————————X

## SETTLEMENT AGREEMENT BETWEEN DEBTOR AND MARTIN MELZER

**AGREEMENT**, made as of the ___ day of January 2010 by and between William Charles Bace (the "Debtor") and Martin Melzer (the "Creditor") that the above-captioned matter is hereby settled upon the following terms and conditions:

**WHEREAS**, that on or about May 2000, the Debtor and Melzer had entered into an "art transaction" involving a loan to Debtor by Melzer for Debtor's purchase of a certain number of African Art objects, and the repayment of which would be from the sale of the African art objects that the said loan enabled Bace to purchase; and

**WHEREAS**, Debtor filed a Chapter 13 Bankruptcy in the Southern District on New York under Case No. 05-42446-rdd on October 16, 2005 which was converted to a case under Chapter 7 on March 9, 2006; and

**WHEREAS**, that the Bankruptcy proceeding is still open; and

**WHEREAS**, by previous order of the Court Debtor has been given right, title, interest and possession of certain African Art objects; and

**WHEREAS**, the Debtor has commenced the instant motion in essence seeking *inter alia* the return of the three (3) remaining art objects alleged to be in the possession of Martin Melzer and/or for the value of same; and

**WHEREAS**, Melzer states at present he is unaware of the whereabouts of the three (3) art objects but will endeavor to see if they can be located;

**WHEREAS**, the parties wish to end any litigation of any nature between them and they wish to settle this matter presently before the Court under the following terms and conditions:

It is therefore agreed between the parties as follows:

1. On or before January 15, 2010 Melzer will pay the Debtor as follows:

    a) Ten Thousand Dollars ($10,000.00); or

    b) Five Thousand Dollars ($5,000.00) and the return of the Luba stool.

2. Upon the above payment, or payment and return of the Luba stool, the Debtor shall withdraw his Motion pending in this Court against Melzer and Melzer will dismiss the counterclaim filed against Bace; both dismissals shall be "with prejudice."

3. Debtor and Melzer further agree pursuant to this Settlement to consider all matters between Debtor, Bace and Creditor Melzer and his Partner in this transaction, Richard Miller, to have been satisfied through this Settlement with neither party having the right to pursue the other for this or any other issues involving the art transaction between parties.

4. Roy Babitt, Chapter 7 Trustee, has been made fully aware of all discussions between the parties regarding the terms and conditions of this Settlement Agreement between Debtor and Melzer. Trustee recommends that the Bankruptcy Court approve this Settlement Agreement, and avers to this Court that upon the Court's approval of this Settlement Agreement, Martin Melzer shall hereafter be released by said Trustee of any further obligation or duty as set forth in the Order of July 17, 2006 regarding his return of any and all African artworks in his care and custody, and that Melzer has fully complied with all terms and conditions of said Order.

Dated: Bay Shore, New York
January ___, 2010

By: _____
William C. Bace, Pro Se
31 East 30th Street, Apt A
New York, New York 10016
Tel. (917) 668-6130

ARENT FOX, LLP
Attorney for Chapter 7 Trustee,
Roy Babitt, Esq.

By: _____5/25/10____
Jeffrey D. Vanacore
1675 Broadway
New York, NY 10019
Tel. (212) 484-3900

Long, Tuminello, Bosco, Seligman,
Werner, Johnston & Sullivan, LLP

By: _____
Harold Seligman, Esq.
Attorney for Creditors
Martin Melzer and Richard Miller
120 Fourth Avenue, Suite One
Bay Shore, New York 11706
Tel. (631) 666-2500

_____
Martin Melzer, Creditor

"SO ORDERED"

_____
Hon. Robert D. Drain