UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

In re

WILLIAM CHARLES BACE,  Case No. 05-42446 (RDD)

    Debtor

------------------------------------------------------------- X

# **MOTION TO REOPEN THE HEARING**
# **TO TAKE ADDITIONAL TESTIMONY**

William Charles Bace, Debtor *pro se*, pursuant to Federal Rule of Civil Procedure 59, Bankruptcy Rule of Procedure 9023, and Local Bankruptcy Rule of Procedure 9023-1, requests that the hearing on Debtor's Motion pertaining to violations of the automatic stay, etc. be reopened to permit Debtor to present additional testimony solely on the issue of damages, and for cause states as follows:

    1.    On June 6, 2011 a hearing was held before the Honorable Robert D. Drain on the issues raised by Debtor's Motion pertaining to violations of the automatic stay, etc.

    2.    Debtor was awarded judgment against The City of New York, Department of Finance, Parking Violations Bureau, NYC Police Department and NYC Marshal Jeffrey S. Rose, jointly and severally, in the amount of $768.00 compensatory damages and $250.00 punitive damages.

    3.    Debtor did not have an adequate opportunity to present testimony on the full extent of his damages, specifically damages not representing actual financial loss, but damages relating to pain and suffering/ emotional distress, etc.

    4.    At a point in the hearing, Judge Drain began to speak, and it was clear to Debtor that Judge Drain was beginning to make his findings of fact and his rulings on Debtor's Motion.

1

5. Prior to Judge Drain's ruling, Debtor was not provided any warning that the hearing was winding up. Debtor was not asked "if there was anything else" or other similar language to alert Debtor and provide notice for Debtor to begin his summation and make certain that all points the Debtor had intended to present to the Court were, in fact, presented prior to the conclusion of Debtor's argument on his Motion.

6. Earlier in the hearing, in a colloquy between Debtor and Judge Drain, Debtor made the Court aware that the Debtor would be presenting a claim for intangible damages later in the hearing when the issue of damages was to be presented.

7. The Debtor, however, did not have an opportunity to discuss in detail and present to the Court Debtor's claims for the intangible damages he alleges he suffered including, but not limited to, pain and suffering, emotional distress, loss of use of automobile, inconvenience, etc.

8. Once it became clear to Debtor that Judge Drain had concluded the evidentiary portion of the hearing and was preparing to make his findings of fact and his rulings, the Debtor was reluctant to interrupt Judge Drain to back-track on the issues of Debtor's intangible damages.

9. Federal Rule of Civil Procedure Rule 59 - New Trial; Altering or Amending a Judgment provides:

> (a) IN GENERAL.
> (1) *Grounds for New Trial.* The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:
> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or
> (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.
> (2) *Further Action After a Nonjury Trial.* After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

10. Local Bankruptcy Rule of Procedure 9023-1 - Motions for Re-Argument provides:

> (a) A motion for re-argument of a court order determining a motion shall be served within 14 days after the entry of the Court's order determining the original motion, or in the case of a court order resulting in a judgment, within 14 days after the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion. The motion shall set forth concisely the matters or controlling decisions which counsel believes the Court has

2

## AFFIDAVIT OF MAILING

**I HEREBY CERTIFY** that on June 13, 2011 a copy of the foregoing Motion to Reopen the Hearing to Take Additional Testimony was provided to the below-stated persons in the manner stated.

/s/ William C. Bace    Debtor pro se

Clerk, U.S. Bankruptcy Court, White Plains NY – via U.S. mail

Chamber's Copy/Judge Drain – via email @ rdd.chambers@nysb.uscourts.gov

Roy Babitt, Trustee c/o Arent Fox LLP. - via email @ vogel.heike@arentfox.com

Joshua Wolf, Esq. - via email and U.S. Post @ jowolf@law.nyc.gov

United State Trustee - via U.S. post

Thomas C. Lambert, Esq. - via email @ TLambert@lambertandshackman.com

4