UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                              :
                                                    :
WILLIAM CHARLES BACE,                               :     Chapter 7
                                                    :
                          Debtor.                   :     Case No. 05-42446 (RDD)
                                                    :
----------------------------------------------------------x

**ORDER DENYING IN PART AND GRANTING IN PART
DEBTOR'S MOTION FOR AN ORDER (A) HOLDING
THE NEW YORK CITY
DEPARTMENT OF FINANCE, NEW YORK CITY MARSHAL JEFFREY S. ROSE
AND THE NEW YORK CITY POLICE DEPARTMENT
IN CONTEMPT OF COURT FOR VIOLATION OF THE AUTOMATIC STAY AND
DISCHARGE INJUNCTION AND DETERMINING AND ASSESSING APPROPRIATE
SANCTIONS, AND (B) DETERMINING THE CLAIMS OF THE DEPARTMENT OF
FINANCE FOR PREPETITION PARKING FINES TO BE DISCHARGED AND/OR
PERMITTING THE DEBTOR TO AVOID LIENS WHICH IMPAIR HIS CLAIMED
EXEMPTIONS**

Upon consideration of the Debtor's Motion for the Bankruptcy Court to Hold New York City Marshal Jeffrey S. Rose ("Marshal Rose"), New York City Department of Finance (the "DOF") and New York City Police Department (the "NYPD"; together with the DOF, the "City") in Contempt of Court for Violation of the Automatic Stay and Discharge Injunction and a Determination and Assessment of Appropriate Sanctions, to Determine the Claims of Department of Finance for Parking Fines Which Predate March 9, 2006 to be Discharged and/or to Permit Debtor to Avoid All Liens Which Impair His Exemptions, and to Award Debtor Compensation for Damages Suffered As Well As Other Appropriate Relief (the "Motion[1]"), filed September 28, 2010; and adequate notice of the Motion having been given, and it appearing that no other notice need be given; and upon the objection and the other pleadings filed in response to the Motion and the replies thereto; and upon the record of the hearing held by the Court on

---

[1] Unless otherwise stated, capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

NYC/587894.4

November 23, 2010 and the evidentiary hearing held by the Court on June 6, 2011; and, after due deliberation, sufficient cause appearing for the relief granted herein for the reasons stated by the Court in its respective rulings at the conclusion of the November 23, 2010 and June 6, 2011 hearings, it is hereby

**ORDERED**, that the Debtor's prepetition parking ticket indebtedness to the DOF is non-dischargeable under section 523(a)(7) of the Bankruptcy Code; therefore, the City and Marshal Rose did not violate the Debtor's discharge under section 524 of the Bankruptcy Code by seeking to enforce, post-discharge, any parking ticket indebtedness of the Debtor; and it is further

**ORDERED**, that the Debtor's 1997 Subaru is not and could not be subject to an exemption under section 522 of the Bankruptcy Code. Assuming, arguendo, that the Debtor had claimed an exemption in the 1997 Subaru, such exemption would be invalid under the Bankruptcy Code, because exemptions can be claimed only in property of the estate, as specified in section 522(b)(1) of the Bankruptcy Code (see In re Hill, 95 B.R. 293, 297 (Bankr. N.D.N.Y. 1988); see also, In re Floyd, 423 B.R. 579, 581 (Bankr. N.D. Ga. 2009); 4 Collier on Bankruptcy ¶ 522.05[1] (16th ed. 2010) at 522-30-31), and the 1997 Subaru neither is property of the estate under section 541(a) of the Bankruptcy Code nor was it purchased with proceeds of estate property. Moreover, any exemption in the 1997 Subaru would provide the Debtor with a double recovery, because the Debtor is also receiving under this Order an exempt damages award with respect to his 1992 Subaru in an amount equal to the value of that car. Therefore, the Debtor could not invoke section 522 of the Bankruptcy Code to exempt any portion of his 1997 Subaru as the "successor" to the 1992 Subaru or otherwise, or to avoid a judicial lien on the 1997 Subaru under section 522(f) of the Bankruptcy Code as impairing an exemption thereon, or otherwise

seek damages against Marshal Rose or the City for impounding such vehicle and continuing in possession of it. The foregoing is without prejudice, however, to any rights the Debtor might have under applicable non-bankruptcy law in respect of his 1997 Subaru, including under New York Debtor Creditor Law 282(1); and it is further

**ORDERED**, that the City's actions leading to and concluding with its sale of the 1992 Subaru -- specifically, that the 1992 Subaru was repeatedly impounded based to collect prepetition parking tickets and was subsequently sold at auction, notwithstanding the City's prior acknowledgment that the Debtor was a debtor under the Bankruptcy Code protected by the automatic stay -- constituted a willful violation of the automatic stay for which the Debtor may recover actual damages under section 362(k)(1) of the Bankruptcy Code against the City and against Marshal Rose as an agent of the City; and it is further

**ORDERED**, that the evidence of the City's repeated willful breaches of the automatic stay further supports the Debtor's recovery of punitive damages against the City under section 362k)(1), the City having waived, under section 106(b) of the Bankruptcy Code, its sovereign immunity including as to the award of punitive damages by filing a proof of claim arising out of the same transaction or occurrence underlying the Debtor's Motion -- the parking violations and the City's enforcement thereof; and it is further

**ORDERED**, that for the City's willful violation of the automatic stay, the Debtor is awarded (1) actual damages against the City (and, to the extent not paid by the City, against Marshal Rose as an agent of the City) of $65.00 in out-of-pocket expenses and $750.00 for the value of the auctioned 1992 Subaru, and (2) punitive damages against only the City of $250.00, for a total award of $1,065.00, which amount shall be treated as free and clear to the Debtor.

Such amount shall be paid to the Debtor promptly after this Order becomes a final order no longer subject to appeal; and it is further

**ORDERED**, that the City, by its agreement with Marshal Rose at the June 6, 2011 hearing, will bear the full amount of the awarded damages; and it is further

**ORDERED**, that this Court shall retain jurisdiction over the interpretation and enforcement of this Order.


Dated: June 28, 2011
       White Plains, New York

                                            <u>/s/Robert D. Drain</u>
                                            Hon. Robert D. Drain
                                            United States Bankruptcy Judge