```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
                                                     :
In re:                                               :
                                                     :         Chapter 7
                                                     :
        WILLIAM CHARLES BACE,                        :         Case No. 05-42446 (RDD)
                                                     :
                Debtor.                              :
-----------------------------------------------------X
```

## ORDER DENYING THE DEBTOR'S MOTION TO RECONSIDER

Upon the motion, filed June 13, 2011 (the "Motion") of the above-captioned debtor, William Charles Bace (the "Debtor"), pursuant to Federal Rule of Civil Procedure 59, incorporated in Federal Rule of Bankruptcy Procedure 9023, and Local Bankruptcy Rule 9023-1, to reconsider the Court's June 6, 2011 bench decision and subsequent order, dated June 28, 2011 (the "Order"), finding the New York City Department of Finance, the New York City Police Department, and, to the extent acting as an agent for the New York City Department of Finance, Marshal Jeffrey Rose (collectively, the "City") in violation of the automatic stay under 11 U.S.C. § 362(a), and awarding damages to the Debtor in the amount of $1,065.00; and the Court having considered the pleadings in this matter, the record of the June 6, 2011 hearing, and the applicable case law; and, upon due deliberation, the Court hereby finds and concludes as follows:

The Motion seeks relief from the Order under Bankruptcy Rule 9023 and Local Rule 9023-1 to permit the Debtor to submit additional testimony as to alleged intangible damages, or pain and suffering damages, of the Debtor resulting from the City's violation of the automatic stay.

On a motion under Bankruptcy Rule 9023, the movant must show that the Court overlooked controlling decisions or factual matters that might materially have influenced the

earlier decision or, alternatively, the need to correct a clear error or prevent manifest injustice. *In re Lyondell Chemical Co.*, 2009 Bankr. LEXIS 724, at *2 (S.D.N.Y. Apr. 10, 2009); *In re Coudert Bros. LLP*, 2009 WL 2928911, at *2 (Bankr. S.D.N.Y. Sept. 8, 2009); *In re Vargas Realty Enter. Inc.*, 2009 WL 292958, at *3 (Bankr. S.D.N.Y. Jul. 23, 2009). "The rule permitting reargument is strictly construed to avoid repetitive arguments on issues that the Court has already fully considered. In addition, parties cannot advance new facts or arguments because a motion for reargument is not a mechanism for presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *In re Vargas Realty Enter.*, 2009 WL 292958, at *3 (internal citations and quotation omitted). *See also In re Adelphia Bus. Solutions, Inc.*, 2002 WL 31557665, at *1 (Bankr. S.D.N.Y. Oct. 15, 2002); 12 Moore's Federal Practice ¶ 59.30[6] (3d ed. 2010), at 59-115-16 ("Further, a motion to alter or amend generally may not be used to raise arguments, or to present evidence, that could reasonably have been raised or presented before the entry of judgment.").

In light of the foregoing principles governing Federal Rule of Civil Procedure 59 and Federal Rule of Bankruptcy Procedure 9023, the Motion fails to present a cognizable basis under Rule 9023 to reconsider the Order. First, the Court considered all of the Debtor's written submissions, none of which attempted to quantify any intangible damages, before issuing its ruling. Second, the Debtor, although *pro se*, has extensive experience in federal court; the hearing record is clear that the Court gave the parties, including the Debtor, a full and fair opportunity to submit additional evidence at the evidentiary hearing on June 6, 2011. Thus, the Debtor's failure to present evidence of quantifiable intangible, or pain and suffering, damages before the issuing of the Court's bench ruling is not a basis upon which the Motion can be granted. Finally, the Court fully considered the Debtor's possible damages in awarding punitive, as well as compensatory, damages. It is, therefore,

ORDERED, that the Debtor's Motion is denied.

Dated: White Plains, New York
June 28, 2011

/s/ Robert D. Drain
United States Bankruptcy Judge