UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
                                                     :
In re:                                               :
                                                     :          Chapter 7
                                                     :
         WILLIAM CHARLES BACE,                       :          Case No. 05-42446 (RDD)
                                                     :
                    Debtor.                          :
-----------------------------------------------------X

**<u>ORDER DENYING THE MOTION OF MARSHAL JEFFREY ROSE TO RECONSIDER</u>**

Upon the letter and attached exhibits of Marshal Jeffrey Rose (the "Marshal"), electronically mailed to chambers on June 14, 2011 and docketed on June 28, 2011, which the Court has treated as a motion pursuant to Federal Rule of Civil Procedure 59, incorporated in Federal Rule of Bankruptcy Procedure 9023, and Local Bankruptcy Rule 9023-1 (the "Motion"), to reconsider the Court's June 6, 2011 bench decision and subsequent order, dated June 28, 2011 (the "Order"), finding the New York City Department of Finance, the New York City Police Department, and, to the extent he was acting as an agent for the New York City Department of Finance, the Marshal (collectively, the "City") in violation of the automatic stay under 11 U.S.C. § 362(a), and awarding damages to the Debtor in the amount of $1,065.00; and the Court having considered the pleadings in this matter, the record of the June 6, 2011 hearing and the applicable case law; and, upon due deliberation, the Court hereby finds and concludes as follows:

The Motion seeks relief from the Order under Bankruptcy Rule 9023 and Local Rule 9023-1 to permit the Marshal to submit additional testimony on two matters: (1) whether the Marshal appeared, personally or through counsel, at the June 6, 2011 hearing or the November 23, 2010 hearing, and (2) the Marshal's liability for violation of the automatic stay. As to the first point, the Marshal asserts he was not represented by counsel at the November 23, 2010 hearing,

did not appear personally, and was not served or notified to appear at such hearing. The Marshal also asserts that his counsel appeared only in a limited capacity to contest a subpoena at the June 6, 2011 hearing. Lastly, the Marshal asserts that during an exchange with Court at the June 6, 2011 hearing, the Debtor incorrectly stated that the Marshal had appeared at the November 23, 2010 hearing. It is uncontested that during the exchange between the Debtor and the Court, the Marshal's counsel was present, failed to correct the Debtor, or inform the Court of the alleged mistake. It is also uncontested that the Marshal's counsel appeared and participated in the June 6, 2011 hearing and never informed the Court that he was appearing only in a limited capacity. Finally, the Court gave the parties, including the Marshal, the opportunity to present evidence at the June 6, 2011 hearing, which was long scheduled as an evidentiary hearing, and the Marshal did not submit any evidence.

On a motion under Bankruptcy Rule 9023, the movant must show that the Court overlooked controlling decisions or factual matters that might materially have influenced the earlier decision or, alternatively, the need to correct a clear error or prevent manifest injustice. *In re Lyondell Chemical Co.*, 2009 Bankr. LEXIS 724, at *2 (S.D.N.Y. Apr. 10, 2009); *In re Coudert Bros. LLP*, 2009 WL 2928911, at *2 (Bankr. S.D.N.Y. September 8, 2009); *In re Vargas Realty Enter. Inc.*, 2009 WL 292958, at *3 (Bankr. S.D.N.Y. Jul. 23, 2009). "The rule permitting reargument is strictly construed to avoid repetitive arguments on issues that the Court has already fully considered. In addition, parties cannot advance new facts or arguments because a motion for reargument is not a mechanism for presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *In re Vargas Realty Enter.*, 2009 WL 292958, at *3 (internal citations and quotation omitted). *See also In re Adelphia Bus. Solutions, Inc.*, 2002 WL 31557665, at *1 (Bankr. S.D.N.Y. Oct. 15, 2002); 12 Moore's Federal Practice ¶ 59.30[6] (3d ed. 2010), at 59-115-16 ("Further, a motion to alter or

amend generally may not be used to raise arguments, or to present evidence, that could reasonably have been raised or presented before the entry of judgment.").

In light of the foregoing principles governing Federal Rule of Civil Procedure 59 and Federal Rule of Bankruptcy Procedure 9023, the Marshal's Motion fails to present a cognizable basis under Rule 9023 to reconsider, for two reasons. First, the Marshal did in fact appear and participate in the June 6, 2011 hearing. Second, the Court did not overlook any decisions or facts in the Marshal's favor, as none were previously raised by him. *See In re General Vision Services, Inc.*, 352 B.R. 25, 29 (Bankr. S.D.N.Y. 2006)( "The plaintiff never made this argument before, and hence, the Court did not overlook it."). The hearing record is clear that the Court gave the parties the opportunity to submit evidence, which the Marshal's counsel chose not to do. It is, therefore,

ORDERED, that the Marshal's Motion is denied.

Dated: White Plains, New York
       June 28, 2011

                                                  /s/ Robert D. Drain
                                                  United States Bankruptcy Judge