UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

In re WILLIAM C. BACE

Case No.: 05-42446

Chapter 7

_____x



### DEBTOR'S/APPELLANT'S COMBINED DESIGNATION OF THE ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL AND COMBINED STATEMENT OF THE ISSUES TO BE PRESENTED

William C. Bace, Debtor/Appellant *pro se*, on or about July 11, 2011 filed **Notice of Appeal** from the Order of the Honorable Robert D. Drain dated June 28, 2011 entitled "Order Denying in Part and Granting in Part Debtor's Motion for an Order (a) Holding the New York City Department of Finance, New York City Marshal Jeffrey S. Rose and the New York City Police Department in Contempt of Court for Violation of the Automatic Stay and Discharge Injunction and Determining and Assessing Appropriate Sanctions and (b) Determining the Claims of the Department of Finance for Prepetition Parking Fines to be Discharged and/or Permitting the Debtor to Avoid Liens Which Impair His Claimed Exemptions" and **Notice of Appeal** from the Order of the Honorable Robert D. Drain dated June 28, 2011 entitled "Order Denying the Debtor's Motion to Reconsider." As Debtor/Appellant anticipates timely filing a motion to consolidate the aforesaid appeals for briefing and oral argument with the District Court for the Southern District of New York, Debtor/Appellant hereby combines and designates the items required for the record on appeal and provides a combined statement of issues to be presented on appeal.

## I. DESIGNATION OF ITEMS COMPRISING THE COMBINED RECORD ON APPEAL

Pursuant to Bankruptcy Rule of Procedure 8006, Debtor/Appellant hereby designates the following items from among those items and documents filed on the docket of the above-captioned matter by the Clerk of the Bankruptcy Court for the Southern District of New York, and said items shall comprise the Combined Record upon which Debtor/Appellant bases his appeal to the United States District Court for the Southern District of New York:

*Appellant elects that the Bankruptcy Court Clerk include the entire contents of the docket of the above-captioned matter, which will then comprise the Combined Record upon which Appellant bases his appeal of the two above-stated Orders of Judge Drain.*

## II. STATEMENT OF COMBINED ISSUES TO BE PRESENTED ON APPEAL

Appellant provides, pursuant to Bankruptcy Rule of Procedure 8006, a statement of the combined issues to be presented in Appellant's appeal to the United States District Court for the Southern District of New York:

1. Did the Bankruptcy Court err in determining that "the Debtor's prepetition parking ticket indebtedness to the DOF is non-dischargeable under section 523(a)(7) of the Bankruptcy Code"?
2. Did the Bankruptcy Court err in determining that "the City and Marshal Rose did not violate the Debtor's discharge order under section 524 of the Bankruptcy Code"?
3. Was the Bankruptcy Court's determination that "the Debtor's 1997 Subaru is not and could not be subject to an exemption under Section 522 of the Bankruptcy Code," and thereby denying said exemption to Appellant error?

4. Was the Bankruptcy Court's determination that "the D3btor could not invoke section 522 of the bankruptcy Code to exempt any portion of his 1997 Subaru as the "successor" to the 1992 Subaru," and thereby denying said exemption to Appellant, error?
5. Was the Bankruptcy Court's denial of Appellant's invocation of section 522 of the Bankruptcy Code to avoid the NYC Department of Finance's judicial liens for claimed unpaid parking tickets as they related to Appellant's 1997 Subaru error?
6. Was the Bankruptcy Court's determination that Marshal Jeffrey S. Rose did not violate the discharge order error?
7. Did the Bankruptcy Court properly determine, assess and/or calculate the proper amount of compensatory and punitive damages which was awarded to Appellant?
8. Did the Bankruptcy Court err in failing to assess punitive damages against Marshal Jeffrey S. Rose?
9. Did the Bankruptcy Court err and abuse its discretion in denying Appellant's Motion to Reconsider when the Appellant claimed that he was not afforded an adequate opportunity to fully present testimony and evidence of damages and injuries claimed by Appellant?
10. Did the Bankruptcy Court err and abuse its discretion in denying Appellant's Motion to Reconsider on the issue of the amounts of compensatory and punitive damages awarded to Appellant?

[struck-through paragraph, initialed "BB"]

Dated: New York
August 2, 2011

William C. Bace    Appellant *pro se*
31 East 30th Street, Apartment A
New York  NY  10016
917-388-2278
nyce30@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of August, 2011 a copy of the foregoing "**AMENDED** Debtor's/Appellant's Combined Designation of the Items to Be Included in the Record on Appeal and Combined Statement of the Issues to be Presented" was mailed, via U.S. first class mail, enclosed and properly sealed in a postpaid envelope, which I deposited in an official depository under the exclusive care and custody of the United States Postal Services within the State of New York addressed to the individuals set forth below:

Heike Vogel, Esq.
Arent Fox LLP
1675 Broadway
New York  NY  10019

Thomas C. Lambert, Esq.
Lambert and Shackman PLLC
274 Madison Avenue
New York  NY  10016-0701

Joshua Wolf, Esq.
Assistant Corporation Counsel
Office of Corporation Counsel
NYC Law Department
100 Church Street, Room 5-199
New York  NY  10007

Tracy Hope Davis, Esq.
United States Trustee / Southern District of NY
33 Whitehall Street, #21
New York  NY  10004

Dated: New York
August 2, 2011

William C. Bace, Appellant *pro se*